UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

       Plaintiff,

                                 File No. 2:11-cr-17

v.

                                 HON. ROBERT HOLMES BELL

MICHAEL LEDUC,

       Defendant.
                                  /

**OPINION**

Defendant pleaded guilty to wire fraud, and the Court sentenced him to a 20-year term of imprisonment, a 3-year period of supervised release, a $250,000 fine, and a mandatory special assessment of $100. (ECF No. 15.) While on supervised release, Defendant violated several release conditions. He pleaded guilty to four violations, including filing a falsified monthly report, in violation of 18 U.S.C. § 1001, which was a Grade B violation. The matter is before the Court on Defendant's motions for reconsideration under Federal Rule of Civil Procedure 60(b) (ECF Nos. 66, 67), and motion to produce documents (ECF No. 69). Because Defendant filed the motions in his criminal case, the Court will construe both as motions for reconsideration under W.D. Mich. LCrR 47.3. In the motions, Defendant argues that his attorney violated attorney-client privilege by disclosing how much he charged Defendant for his retainer fee. He also claims that, because of his attorney's disclosure of the fee, his attorney was ineffective and coerced him into entering his guilty plea.

I.

In order to prevail on a motion for reconsideration, the movant must make two showings. First, "the movant must 'demonstrate a palpable defect by which the Court and the parties have been mislead[.]'" *United States v. Watson*, 549 F. Supp. 2d 961, 963 (W.D. Mich. 2008) (Bell, J.) (quoting W.D. Mich. LCrR 47.3(a). Second, "the movant must 'show that a different disposition of the case must result from a correction' of the palpable defect." *Id.*

II.

Defendant argues that his attorney violated attorney-client privilege by disclosing the amount of the monthly retainer fee to the Magistrate Judge. Defendant claims that his Grade B violation was based on confidential information between him and his attorney. Under federal common law, attorney-client privilege only precludes the disclosure of communications between attorney and client, and it does not protect against disclosure of facts underlying the communication like attorney's fees. *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985) (citing *In re Grand Jury Invest. No. 83-2-35*, 723 F.2d 447 (6th Cir. 1983), *cert. denied*, 467 U.S. 1246 (1984). Because attorney-client privilege did not protect against the attorney's disclosure of his monthly retainer fee, it was not a palpable defect for the Court to rely upon that information during Defendant's supervised release violation hearing. Moreover, Defendant admitted at the hearing that he filed a falsified monthly report by failing to disclose to the fee. Thus, Defendant is not

2

entitled to relief on this claim.

In addition, Defendant argues that because of his attorney's disclosure of the fee amount, he was coerced into making a guilty plea. The Sixth Circuit "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999). The policy statements contained in the guidelines are merely advisory, and the Court need only consider them before imposing sentence upon revocation of supervised release. *Id.* at 310. Further, the Court must consider the factors listed in 18 U.S.C. § 3553. *Id.* But the Court need not recite any "magic words" explaining whether and how it considered the policy statements or how it weighed the § 3553 factors. *Id.*

During the hearing, the Court asked Defendant if he knew that he would be subject to a maximum of two years in prison, and Defendant said that he did. (ECF No. 68, PageID.266.) The Court then asked if Defendant still wished to plead guilty, and Defendant stated that he did. (*Id.*) The Court then discussed the underlying facts of the charged violations, and Defendant admitted to each one, including falsifying a monthly report. (*Id.* at PageID.267-68.) Defendant knowingly, voluntarily, and intelligently pleaded guilty to violating four conditions of supervised release. Then, the Court considered the sentencing guidelines as well as the 18 U.S.C. § 3553(a) factors, and sentenced Defendant to 24 months in prison with no supervised release to follow. (*Id.* at PageID.279-80.) Although the Court

3

did not expressly discuss the policy statements, it is clear that it considered the relevant factors. *See United States v. Salomon-Carrillo*, F. App'x 3 (6th Cir. 2004). The Court considered the established sentencing range, and noted that was imposing prison time to promote Defendant's respect for the law and to protect the public from Defendant's financial and fraudulent activity. (ECF No. 68, PageID.279.) The Court also considered Defendant's prior criminal history and characteristics. (*Id.* at PageID.280.) The Court did not violate Defendant's due process rights, and the judgment is not plainly unreasonable. Moreover, Defendant has not shown a palpable defect upon which the Court and parties have been mislead. Therefore, Defendant is not entitled to relief on this claim.

Finally, Defendant argues that his counsel was ineffective because he did not have Defendant's consent to disclose the fee amount. As discussed above, attorney-client privilege does not extend to such communications. Further, Defendant has not shown that disclosing this amount to the Magistrate Judge amounted to ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). There is a two-prong test to evaluate claims of ineffective assistance of counsel. *Id.* at 687-88. Defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Defendant argues that, because this information is protected by

attorney-client privilege, counsel's disclosure fell below an objective standard of reasonableness. Since the information was not protected by attorney-client privilege, Defendant has failed to show deficient performance or a palpable defect. Therefore, Defendant is not entitled to relief for his ineffective assistance of counsel claim.

Defendant also filed a motion to produce documents. Defendant requested copies of his written monthly reports from Probation Officer Lindquist (ECF No. 69-1) and the Assistant United States Attorney (ECF No. 69-2) under the Freedom of Information Act and the Privacy Act. Officer Lindquist explained that Defendant did not have a right under these Acts to obtain the documents, and that he should contact the Federal Bureau of Prisons and/or the U.S. Parole Commission. (ECF No. 69-1, PageID.287.) Defendant has not alleged that he contacted the Federal Bureau of Prisons or the U.S. Parole Commission. Thus, the Court will deny his motion.

An order will enter in accordance with this Opinion.


Dated: November 14, 2016            /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE